In the Matter of the Intermediate Settlement of the Accounts of JEROME DE WITT, as Trustee, etc., of MARQUIS L. HAWLEY, Deceased, Appellant.

LOVISA E. HAWLEY and Others, Respondents.

Third Department, January 14, 1927.

**Wills — construction — trust for benefit of wife — trustee empowered to use part of principal if income was not enough to provide comfortable and liberal support to wife — trustee not allowed to pay any money to widow from principal — contracts for board and care should be made by or with consent of trustee — certain expenditures approved.**

Under a will devising property in trust for the benefit of testator's widow which provides that if the interest and income are not sufficient for the widow's comfortable and liberal support, the trustee may use so much of the principal from time to time as may be necessary for that purpose, the trustee is not authorized to pay to the widow any money directly from the principal of the

trust fund, but his authority is limited to paying bills necessarily contracted for her comfortable and liberal support.

The trustee has authority to reimburse those who have paid bills rendered by a doctor and a hospital, and to pay attorney's fees.

Contracts for board and care should be made by or with the consent of the trustee, although the wish of the widow in selecting a home, should a change be necessary, should not unreasonably be disregarded.

APPEAL by Jerome De Witt, as trustee, etc., from a decree of the Surrogate's Court of the county of Cortland, entered in the office of said Surrogate's Court on the 25th day of March, 1926, and also from that portion of a decree entered in said surrogate's office on the 2d day of April, 1926, upon the intermediate settlement of his account.

*Jerome De Witt* [*Thomas B. Kattell* of counsel], for the appellant.

*Edward F. Ronan*, for the petitioner, respondent.

*Jenks & Glezen* [*Edmund B. Jenks* of counsel], for the respondents Hazel and others.

PER CURIAM. The property involved belonged to Marquis L. Hawley at the time of his death; he, not the court, is the testator. The paragraph of his will pertinent here gave his property to the trustee he named to keep it invested and " to pay over the interest and income thereof, from time to time, as she may require it, to my wife Lovisa E. Hawley, for and during the term of her natural life * * *. If the interest and income of my said property shall be insufficient for her comfortable and liberal support, however, then my said executors and trustee may use so much of the principal or body thereof from time to time as may be necessary for that purpose." The intent was that the responsibility for the faithful compliance with the terms of the will be placed upon the trustee. He may pay the income from time to time to the beneficiary, the widow, who has it for her support; if the income is not sufficient for that purpose he may use it — not pay over to her — so much of the principal as may be necessary, beyond what the income supplies, for that purpose. There is no gift of lump sum amounts or of periodical payments of principal. The purpose and intent was to supply his widow during her life with comfortable and liberal support, first from income and then from the principal, but from this latter to the extent necessary only. This intent must control the courts in directing the actions of the trustee.

The evidence shows that the widow has had the income, about $1,400, each year. There is no evidence that any money has been expended for her support during the period from December 30, 1924, to February 9, 1926, except $32 per week. In so far as the income paid to her has been insufficient to liquidate this expense

the trustee should be directed to use so much of the principal as is necessary to discharge it. He should likewise reimburse Mr. Finlayson for the doctor bill, $165, and the hospital bill, $51, paid by him. If there were other expenditures during that period for her comfortable support liberally viewed, the trustee should pay them.

The widow is now in a home of her choice, with friends and in circumstances entirely agreeable to her. The cost therefor is reasonable. Other costs for things within the meaning of " comfortable and liberal support " may be furnished and the trustee justified in using from the trust funds to pay therefor but he is not authorized to pay to the widow any amount in excess of the income. The contracts for board and care which might be denominated home expense should be made by, or with the consent of, the trustee but the wish of the widow in selecting a home, should a change from her present pleasant connections be necessary, should not unreasonably be disregarded.

The allowances of fifty dollars per week and sixty dollars per week as made cannot be sustained. The allowances to " the proponent in the proceeding," providing, for costs and disbursements, to Edward F. Ronan for services and to Jenks & Glezen, attorneys, are approved.

The intermediate account as settled, with the allowances therein made, should be approved. The decree in the matter instituted by the petition of Lovisa E. Hawley should be reversed on the law and facts; and both matters should be remitted to the Surrogate's Court of Cortland county to enter a formal order consolidating the two proceedings; to take further proof as the parties may be advised, and to enter a new decree in the consolidated proceeding in accordance with this opinion. The parties filing briefs in this court should be allowed costs payable out of the estate.

VAN KIRK, Acting P. J., HINMAN, McCANN, DAVIS and WHITMYER, JJ., concur.

The intermediate account as settled, with the allowances therein made, is approved. The decree in the matter instituted by the petition of Lovisa E. Hawley is reversed on the law and facts, and both matters are remitted to the Surrogate's Court of Cortland county to enter a formal order consolidating the two proceedings; to take further proof as the parties may be advised, and to enter a new decree in the consolidated proceeding in accordance with the opinion. The parties filing briefs in this court are allowed costs payable out of the estate.

The allowances of fifty dollars per week and sixty dollars per week are disapproved.